## James H. Hill *vs.* Roxanna Andrews.

A petition will not lie under *St.* 1851, c. 233, § 66, on behalf of the assignee of an insolvent debtor to compel a prior mortgagee from the same debtor to bring an action to test the validity of the mortgage.

Shaw, C. J. This was a petition under *St.* 1851, c. 233, §§ 66, 67, setting forth that the petitioner is in possession of a parcel of land in Upton ; that he is informed that the respondent makes some claim to it, and prays that she may be summoned to show cause why she should not be required to bring an action. The respondent made an answer, and the case comes before us upon an agreed statement of facts. From this it appears that the petitioner has title to the premises, as assignee of Charles A. Eames, an insolvent debtor, under a regular assignment by the commissioner of insolvency for this county. The respondent holds a mortgage deed made to her by Eames, the insolvent, as security for $1,400, made, executed, and recorded before Eames's insolvency.

Upon all the facts, the court are of opinion that the petitioner has no occasion for the order he prays for. He may

16 *

bring an action himself to try the question of title, counting on his own seisin, and a disseisin by the respondent. The issue will be on the title, not on the possession. The respondent claims under a prior deed from the same grantor. As between the parties, *primâ facie*, the execution and delivery of a deed, acknowledged and recorded, changes the seisin; it vests the seisin in the grantee, and, therefore, divests the seisin of the grantor. Therefore, when there are two deeds of the same estate from the same grantor, the first in time is prior in right. The assignee is privy in estate with the insolvent, the respondent's prior grantor, and, therefore, is bound by his prior conveyance, unless there be something to defeat it.

But this is to be taken with this qualification, that the assignee, as the representative of creditors, has a right to show, if he can, that the prior deed was given for the purpose of defrauding creditors; and to avoid it on that ground. Should the respondent set up and rely upon her prior mortgage to defeat the petitioner's seisin, the petitioner must prove it fraudulent in order to avoid its effect, so that the validity of her mortgage would be put in issue and determined.

*Petition dismissed.*

*G. F. Hoar*, for the petitioner.

No counsel appeared for the respondent.